UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-24070-Civ-COOKE/BANDSTRA

DORA OZORIA, *et al.*,

    Plaintiffs
vs.

DEUTSCHE BANK TRUST
COMPANY AMERICAS, *et al.*,

    Defendants.
_____/

**OMNIBUS ORDER**

THIS MATTER is before me on Defendants' Motion to Dismiss (ECF No. 6) and Plaintiffs' Motion to Remand to State Court (ECF No. 8). I have reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons explained in this Order, the Defendants' Motion to Dismiss is granted in part and denied in part, and Plaintiffs' Motion to Remand to State Court is granted.

**I. BACKGROUND**

This is an action for damages arising from an alleged breach of contract. This case was removed from state court pursuant to 28 U.S.C. § 1441(b), which permits removal of any civil action founded on a claim or right arising under federal laws, or, in the alternative, pursuant to 28 U.S.C. § 1441(a), based on the complete diversity of the parties.

Defendant GMAC Mortgage, LLC ("GMACM") services a mortgage loan that Plaintiffs obtained on September 16, 2006. Compl. ¶ 5. Defendant Deutsche Bank Trust Company Americas ("Deutsche") is the current trustee of this mortgage. Compl. ¶ 6. Plaintiffs state that they were unable to make their mortgage payments, and on May 28, 2009, Deutsche began a foreclosure

action in state court.  Compl. ¶¶ 6-7.  In October 2009, and again on April or June 2010,[1] Plaintiffs applied for a mortgage modification, but GMACM denied their applications both times.  Compl. ¶ 11.  The Plaintiffs' claims concern GMACM's denial of their applications for a permanent mortgage modification.

In 2008, Congress passed the Home Affordable Modification Program ("HAMP"), created under the Emergency Economic Stabilization Act of 2008 ("EESA"), 12 U.S.C. § 1502, *et seq*.  To participate in HAMP, companies that service mortgages not owned by a governmental sponsored enterprise ("non-GSE loans") enter into a contract with Fannie Mae ("HAMP Contract").  Compl. ¶ 17.  HAMP's purpose is to provide eligible homeowners with permanent loan modifications to avoid foreclosures.  Compl. ¶ 16.  On October 2009, GMACM entered into a HAMP Contract with Fannie Mae and became a participating servicer.  Compl. ¶ 18.  As part of the HAMP Contract, GMACM agrees to review all eligible borrowers who apply for a loan modification under HAMP.  *Id*.  Also under the HAMP Contract, GMACM agrees to provide permanent loan modifications to eligible borrowers who meet the HAMP criteria.  *Id*.  Plaintiffs allege they are the intended beneficiaries of the HAMP Contract; thus, GMACM "has a duty to Plaintiffs based upon the HAMP Contract."  Compl. ¶ 17.

Plaintiffs allege that they meet HAMP's eligibility criteria, but GMACM denied their applications for a permanent loan modification.  Compl. ¶¶ 19, 21.  Plaintiffs allege:  (i) GMACM breached the HAMP Contract when it wrongfully denied their October 2009 application for permanent HAMP mortgage loan modification (Count I); (ii) GMACM breached the HAMP Contract when it wrongfully denied their April 2010 application for permanent HAMP mortgage loan modification (Count II); (iii) GMACM breached the covenant of good faith and fair dealing when it denied Plaintiffs' applications (Count III); and (iv) Deutsche is liable as an agent of

---

[1] In paragraph 11 of the Plaintiff's Complaint, they allege that the second application occurred in June 2010,

GMACM.

## II. LEGAL STANDARDS

When considering a motion to dismiss filed under Rule 12(b)(6), the court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A court's consideration when ruling on a motion to dismiss is limited to the complaint and any incorporated exhibits. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.

## III. ANALYSIS

**A. Motion to Dismiss**

Defendants argue that Plaintiffs' Complaint should be dismissed because it only concerns breaches of the HAMP Contract, and HAMP does not provide a private cause of action. Indeed, the courts that have been presented with similar cases have held that HAMP does not confer a private right of action. *See, e.g., Nelson v. Bank of America, N.A.*, No. 10-00929, 2011 WL 545817, at *1

---

while in paragraph 49 of the Complaint, Plaintiff's allege the application occurred in April 2010.

(M.D. Fla. Feb. 8, 2011); *Zoher v. Chase Home Financing*, No. 10-14135, 2010 WL 4064798, at *3 (S.D. Fla. Oct. 15, 2010) (collecting cases). Neither the HAMP Guidelines nor the EESA expressly provide for a private right of action. Instead, Congress provided that Freddie Mac serve as the compliance officer for HAMP. *See* U.S. Dep't of Treasury, Supp'l Directive 2009-08, at 4 (Nov. 3, 2009). As the compliance officer, Freddie Mac must conduct "independent compliance assessments," including an "evaluation of borrower eligibility." Supp'l Directive 2009-01, at 25-26. By delegating sole compliance authority to Freddie Mac, and staying silent as to a right of action in district courts, Congress intended that a private right of action was not permitted. *Cf. Thompson v. Thompson*, 484 U.S. 174, 180 (1988) ("The intent of Congress remains the ultimate issue, however, and unless this congressional intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist.").

Because there is no private right of action under HAMP, Counts I and II of the Plaintiffs' Complaint are dismissed with prejudice.

### B. Motion for Remand

Courts should strictly construe the requirements of 28 U.S.C. §1441 (removal jurisdiction) and remand all cases in which such jurisdiction is doubtful. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Defendants removed this case to federal court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1441(b), which permits removal of any civil action founded on a claim or right arising under federal laws. The counts arising under a federal statute have been dismissed. The remaining counts of the Complaint raise causes of action under state law. Count III alleges a breach of the covenant of good faith and fair dealing and Count IV alleges liability under the theory of agency.[2]

---

[2] I need not reach those counts of the Complaint because I have dismissed all claims over which this Court

Moreover, this Court cannot retain jurisdiction over this action pursuant to diversity jurisdiction.  Diversity jurisdiction requires that (1) the parties are citizens of different states, and (2) the sum in controversy exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332.  The Complaint alleges only that the amount in controversy exceeds $15,000.00.  Compl. ¶ 1.  Further, Plaintiffs state that they do not seek damages in excess of $75,000.00.  Pl.'s Mot. to Remand ¶ 6.  For these reasons, this Court does not retain jurisdiction over the remaining claims in this case.  Remand is therefore proper.

### IV. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** that:

1. Defendants' Motion to Dismiss (ECF No. 6) is **GRANTED in part and DENIED in part**, as follows:

    a. Count I and II of the Complaint are **DISMISSED** with prejudice.  Defendants' Motion to Dismiss is **GRANTED** as to those claims.

    b. Count III and IV of the Complaint remain..  Defendants' Motion to Dismiss is **DENIED** as to those claims.

2. Plaintiff's Motion to Remand to State Court (ECF No. 8) is **GRANTED**.

3. This case is **REMANDED** to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

4. The Clerk is directed to **CLOSE** this case.

**DONE and ORDERED** in chambers at Miami, Florida, this 31st day of March 2011.

---

has original jurisdiction.  28 U.S.C. § 1367(c)(3); *see also Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974-75 (11th Cir. 2005) (holding that a district court is powerless to hear a matter where subject matter jurisdiction is lacking.).

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*